**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **MASON JAMES HENRY,** | ) |
| | ) |
|     **Defendant/Movant,** | )   CR  08-01377 PHX JAT |
| | )   CIV 10-02776 PHX JAT (MEA) |
|     v. | ) |
| | )   REPORT AND RECOMMENDATION |
| **UNITED STATES OF AMERICA** | ) |
| | ) |
|     **Plaintiff/Respondent** | ) |
| _____ | ) |

**TO THE HONORABLE JAMES A. TEILBORG:**

    Mr. Mason Henry ("Movant"), proceeding pro se, filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, regarding a criminal conviction and sentence entered by the Court on December 23, 2010. Respondent filed a Response to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 on April 20, 2011. See Doc. 12. Petitioner filed a reply to the response on May 24, 2011. See Doc. 13 & Doc. 14.

    **I  Procedural History**

    A grand jury indictment returned November 19, 2008, charged Movant and co-defendant Melvin Nash with the first-degree premeditated murder of Aaron Tierno (Count 1). The indictment also charged Movant with three counts of brandishing and discharge of a firearm during a crime of violence resulting in death (Counts 2, 4, and 6).

The indictment also charged Movant with first-degree felony murder, i.e., that the murder occurred during a robbery (Count 3); one count of robbery, including robbing the victim of his vehicle (Count 5); and one count of conspiracy (Count 7). On November 21, 2008, Movant was arrested and counsel was appointed to represent Movant. On January 22, 2009, Movant's motion to change counsel was granted and new counsel was appointed to represent Movant.

On May 29, 2009, Movant's counsel filed a motion to sever his trial from that of his co-defendant. See Criminal Doc. 47. Movant argued, *inter alia*, that the evidence against his co-defendant greatly out-weighed the evidence against Movant and that Movant's co-defendant had or would make statements inculpating Movant. On July 23, 2009, finding that Movant intended to raise a defense antagonistic to his co-defendant, i.e., that the co-defendant acted alone, the Court granted Movant's motion to sever his trial from that of his co-defendant. See Criminal Doc. 67.

On August 4, 2009, the Court noted that Movant's co-defendant had entered a guilty plea and affirmed a trial date regarding Movant. On August 5, 2009, Movant entered a guilty plea to one count of second-degree murder, as a lesser-included offense of Count 1 of the indictment. See Criminal Doc. 74. Movant also signed a written plea agreement on August 5, 2009. The terms of the written plea agreement included a stipulation, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, that Movant be imprisoned for a term not exceeding 25 years and not less than 15 years. See Criminal Doc. 109. The

-2-

remaining counts of the indictment were to be dismissed at sentencing. The plea agreement also included a waiver of Movant's right to appeal and his right to collaterally attack his conviction and sentence pursuant to section 2255, providing Movant's sentence was consistent with the terms of the plea agreement.

During the plea colloquy, the Court verified with Movant, under oath, that he was competent to enter the guilty plea and was satisfied with his attorney:

> THE COURT: How far have you gone in school?
> THE Movant: About to the eleventh grade.
> THE COURT: Now, from what I can determine so far, you seem to speak and understand the spoken English, but do you also read, write and understand the written English?
> THE Movant: Yes.
> THE COURT: Have you had any drugs, alcohol, or medicine in the last 48 hours?
> THE Movant: No.
> THE COURT: Have you recently been treated for any mental illness or addiction to substance of any kind?
> THE Movant: No
> THE COURT: And, Mr. Simon, is there anything in the government's file or information the government has learned through its investigation of the Movant that would indicate the Movant is not competent to understand this proceeding or enter into this plea agreement?
> MR. SIMON: No, Your Honor.
> THE COURT: And, Mr. Raynak, anything you've learned during your investigation of this case or through your contacts with your client that would lead you to believe that your client is not competent to enter into this plea?
> MR. RAYNAK: No, Judge. I would note that was one of my concerns when I first met him. It takes a little longer sometimes for Mason to process things, but he did go at least through the eleventh grade and he was never in any special education classes. And while he seems to be a little slower in responding to me, he does seem to understand once I explain it to him. I sometimes have to go

-3-

| | |
|---|---|
|1| over it twice perhaps, but he does understand |
|2| the general nature of the proceedings and what is going on. I'm just letting the Court |
|3| know I did -- because of my initial contact with him, I did look at that a little more |
|4| closely.<br>THE COURT: And he has been able, in your |
|5| judgment, to adequately assist you in the preparation of his case; is that correct? |
|6| MR. RAYNAK: Yes, sir.<br>THE COURT: Have you been satisfied with your |
|7| lawyer in this case?<br>Movant: Yeah. |

Criminal Doc. 103 at 4-6.

When reviewing the rights Movant was giving-up by entering his guilty plea the Court specifically referred to the paragraph of the plea agreement titled "Waiver of Defenses and Appeal Rights", stating:

> THE COURT: And in term of rights you are giving up, let me call your attention to the written plea agreement and we will go over it in more detail in a moment, but in this written plea agreement there's a paragraph that is titled Waiver of Defenses and Appeal Rights. And that waiver in detail specifies that you are waiving or giving up any and all motions or defenses or probable cause determinations or objections which you could assert to the indictment or the court's entry of judgment against you or imposition of sentence upon you as long as the sentence is consistent with this agreement.
> And furthermore, you are waiving and giving up the right to appeal the judgment and sentence imposed on you and you're giving up the right to later collaterally attack your conviction and sentence under 28 U.S.C. Section 2255, or any other collateral attack where you might later attack or challenge your conviction and sentence.
> So, do you understand that by signing this plea agreement, you're giving up those defenses and appeal rights that are set forth in the plea agreement?
> THE Movant: Yes.
> THE COURT: Now then, I have gone over all these rights with you that you have. Do you still wish to give up those rights and enter a guilty plea? Is that still your wish?

-4-

THE Movant: Yes.

Id. at 7-8.

The Court also verified that Movant had read and understood the contents of the plea agreement, ensuring that his guilty plea was knowing and voluntary. The Court thereafter reviewed with Movant the remaining provisions of the plea agreement, including the Rule 11(c)(1)(C) sentencing stipulation:

> THE COURT: Now, this -- one of the provisions in this plea agreement is ... is an agreement between you and the government that you will be imprisoned for a term not to exceed 25 years, but not less than 15 years, and with the decision within that range as to exactly what the sentence will be to be left to the discretion of the court. Do you understand that's the way it works?
> THE Movant: Yes.

Id. at 16.

At the close of the plea colloquy, the Court specifically inquired about Movant's decision to plead guilty:

> THE COURT: All right. Sir, the charge then is a lesser included offense of Count 1, and that is Second Degree Murder, Aiding and Abetting, in violation of Title 18, United States Code, Sections 1153 and 111, a Class A felony offense. Do you plead guilty or not guilty?
> THE Movant: Guilty.
> THE COURT: And are you pleading guilty to this crime because you are guilty?
> THE Movant: Yes.

Id. at 21.

The Court accepted and entered Movant's guilty plea and set sentencing for November 2, 2009. On September 28, 2009, the Presentence Report was completed. The report included recommendations for a four-level upward departure from the

-5-

otherwise applicable United States Sentencing Guideline ("U.S.S.G.") sentencing range, pursuant to U.S.S.G. § 5K2.21, based on the seriousness and random nature of the offense. See Civil Doc. 12 at 8. The PSR recommended that Movant be sentenced to a term of imprisonment of 25 years, the high end of the Rule 11(c)(1)(C) stipulated sentencing range provided in the plea agreement. Id.

On October 9, 2009, Movant filed a motion seeking to change counsel, essentially alleging that Movant's counsel "was misleading ... ineffective and coercive by making false statements-false promises and coaching Movant ... making the Movant believe he had no option but to enter into the plea." Criminal Doc. 82. At that time Movant's then-counsel filed a motion seeking to continue Movant's sentencing and stating that Movant's motion to change counsel indicated Movant "might" wish to withdraw from the plea agreement. See Criminal Doc. 80.

On October 15, 2009, during the ensuing hearing on Movant's motion to change counsel, the Court reminded Movant of his statements made during the plea colloquy, under oath, which directly contradicted the allegations in Movant's motion. See Criminal Doc. 84. Movant's counsel, while limited by attorney-client privilege, nonetheless represented to the Court that he disagreed with and denied Movant's allegations. See id. The Court, noting that Movant's allegations were "totally inconsistent with anything you [defense counsel] have done in this court or, to my knowledge, any other court, or with your reputation", nonetheless granted Movant's motion. See Criminal Doc. 84.

On October 19, 2009, new counsel was appointed to represent Movant. See Criminal Doc. 85. On December 14, 2009, Movant's new counsel filed a sentencing memorandum which included a request that the Court impose a sentence of imprisonment of 15 years, that is, the minimum sentence available under the Rule 11(c)(1)(C) plea agreement stipulation. See Criminal Doc. 102 & Criminal Doc. 119. Movant did not at any time file a motion, pro se or otherwise, to withdraw from the plea agreement.

On December 22, 2009, during the sentencing proceeding, the Court verified that Movant had reviewed the pre-sentence report. The Court, after providing Movant's attorney and Movant with the opportunity to address the Court regarding sentencing, verified that Movant was satisfied with his attorney: "THE COURT: And you've been satisfied with your lawyer? THE Movant: Yes." Criminal Doc. 121 at 5.

Movant was sentenced to a term of 25 years imprisonment, to be followed by 36 months of supervised release. The Court also verified Movant was aware that, because the sentence imposed was consistent with the terms of Movant's plea agreement, Movant had waived his right to appeal.

> THE COURT: ... Now sir, in the plea agreement that you signed, at page 4 is a paragraph where you agreed to waive your right to appeal. Do you remember that paragraph in the plea agreement?
> THE Movant: Yes, sir.
> THE COURT: And you signed that plea agreement voluntarily, understanding that by signing it you were waiving your right to appeal. Is that correct?
> THE Movant: Yes, sir
> THE COURT: The Court finds Movant has knowingly and voluntarily waived his right to

appeal. Id. at 38-39.

Movant did not take a direct appeal of his conviction and sentence.

In his section 2255 petition, Movant asserts that his attorney factually misrepresented to the Court that Movant was guilty of second-degree murder. The record establishes, however, that in the written plea agreement and during his guilty plea colloquy Movant voluntarily acknowledged as accurate the facts that established his guilt. Movant also admitted to the Court that he, Movant, was pleading guilty to the charge of second-degree murder because he was guilty of that crime.

Movant also contends that he was induced into pleading guilty by his counsel's misrepresentation that Movant's sentence would fall within the guideline range of 168 to 210 months. The record establishes, however, that in the written plea agreement and during his guilty plea colloquy Movant specifically acknowledged and understood that the plea agreement provided he would be imprisoned for a term not exceeding 25 years and not less than 15 years.

Movant also maintains his counsel's performance was unconstitutionally ineffective because Movant was incompetent to enter a guilty plea. Movant further asserts that "in the realm of possibilities" his counsel may have been pressured by the government to induce Movant to enter a guilty plea because this would prevent information regarding victim Aaron Tierno's "possession of child pornography" from becoming public.

**Waiver of the right to a collateral attack**

Respondent asserts that Movant waived his right to collaterally attack his conviction and sentence pursuant to section 2255 in the written plea agreement. The plea agreement signed by Movant expressly waived his right to collaterally attack any matter pertaining to Movant's conviction and sentence if the sentence imposed was consistent with the written terms of the agreement. The sentence imposed on Movant was consistent with the terms of the plea agreement, i.e., the plea agreement stated Movant's sentence would be between 15 and 25 years and he was sentenced to a term of 25 years imprisonment. Because the sentence imposed was in accordance with the plea agreement, the plea agreement is valid. Therefore, Movant is bound by the plea agreement's waiver of his right to collaterally attack his conviction and sentence.

Because Movant legitimately waived his right to bring this action, his section 2255 motion may be summarily denied. See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546-47 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the context of a direct appeal wherein the Movant waived his right to directly appeal or collaterally attack his conviction and sentence in a plea agreement); United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir. 1991).

However, a plea agreement which waives the Movant's right to collaterally attack their sentence is not enforceable if the waiver was involuntary. See, e.g., Jeronimo, 398 F.3d at 1156. In Jeronimo the Ninth Circuit Court of Appeals concluded that the District Court did not have jurisdiction to consider the appeal of a Movant who had waived his right to collaterally attack his conviction in a plea agreement because the agreement was knowing and voluntary on its face, stating: "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made". Id. See also United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).

A collateral attack alleging ineffective assistance of counsel in negotiating a plea agreement may be brought notwithstanding a waiver of this right in the agreement, but only if the agreement was involuntary or unknowing, or if the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful. See United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001); Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000).

Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. Cf. United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991) (reaching this holding in a section 2255 case); United States v. Walker, 160 F.3d 1078, 1096 (6th Cir. 1998) (holding, in a section 2255 case, that "a straightforward and

simple 'Yes, your Honor' is sufficient to bind a Movant to [the] consequences [of a plea agreement]."). Because he was adequately informed of the consequences of his plea, Movant's guilty plea can be considered voluntary and knowing. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712 (1969). The undersigned concludes Movant's guilty plea was voluntary and made intelligently. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir. 1986).

Because Movant does not produce any evidence indicating he did not knowingly and voluntarily enter into the agreement, other than his own self-serving statement, the undersigned concludes the plea agreement was valid, as was Movant's voluntary waiver of his right to collaterally attack his sentence. Accordingly, the section 2255 petition should be denied and dismissed. Compare United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) ("we doubt that a plea agreement could waive a claim of ineffective of assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain.").

**Movant's ineffective assistance of counsel claims**

> The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).... To prevail on a claim of ineffective assistance of counsel, petitioner must show 1) his attorney's performance was unreasonable under prevailing professional standards; and 2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have been different. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting

-11-

>Strickland, 466 U.S. at 687, 104 S. Ct. at 2064). "Strickland defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" Id.

United States v. Span, 75 F.3d 1383, 1386-87 (9th Cir. 1996).

In order to find that Movant was deprived of the effective assistance of counsel and grant him habeas relief, the Court must conclude counsel's performance was incompetent and that his deficient trial performance prejudiced Movant.

>[N]ot every case of deficient performance under Strickland represents a constructive denial of the right to counsel. In fact, it will be the rare claim of ineffective assistance that is tantamount to a constructive denial of counsel. Strickland remains the norm for ineffective assistance claims, and the Supreme Court has made clear that it will not countenance a per-se prejudice exception which will swallow the actual prejudice Strickland rule.

Glover v. Miro, 262 F.3d 268, 276-77 (4th Cir. 2001). See also Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001); United States v. Cruz-Mendoza, 147 F.3d 1069, 1072 (9th Cir. 1998).

Movant must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance. See United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991). Additionally, Movant bears the burden of providing sufficient evidence from which the Court can conclude his counsel was ineffective. See Turner v. Calderon, 281 F.3d 851, 878 (9th Cir. 2002).

To establish that his counsel's conduct was unconstitutionally substandard, a section 2255 petitioner must establish that no competent counsel would have acted as his counsel acted, i.e., that his counsel's acts were unreasonable.

-12-

United States v. Fredman, 390 F.3d 1153, 1156 (9th Cir. 2004); Johnson v. Alabama, 256 F.3d 1156, 1176-77 (11th Cir. 2001). Movant must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance. See United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991).

Ineffective assistance of counsel claims in the context of cases wherein the Movant did not go to trial are also governed by the doctrine of Strickland. See, e.g., Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 369 (1985); Fields v. Attorney General, 956 F.2d 1290, 1296-97 (4th Cir. 1992). When a Movant challenges a conviction or sentence resulting from a plea agreement the "prejudice" prong of the Strickland test is modified; the Movant must show there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty to the charges against him, but instead would have insisted on going to trial. See Hill, 474 U.S. at 59, 106 S. Ct. at 370. Accord Fields, 956 F.2d at 1297; Craker v. McCotter, 805 F.2d 538, 542 (5th Cir. 1986).

Section 2255 "[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir. 1996). With regard to the prejudice prong of the Strickland analysis, the probability of prejudice may not be based merely upon conjecture or speculation. See Mickens v. Taylor, 122 S. Ct. 1237, 1246 (2002) (Kennedy, J. concurrence) (regarding speculation as having no place in a Strickland

analysis).

In response to the answer to his section 2255 motion, Movant asserts his pre-sentencing counsel was ineffective because he failed to investigate a diminished capacity defense. Movant contends his counsel would have discovered Movant's mental incompetence had counsel examined Movant's education records. Movant contends his counsel coerced him into accepting a plea agreement and that counsel coached Movant regarding Movant's speech and conduct at the plea colloquy. Movant also contends his sentencing counsel was unconstitutionally ineffective because counsel failed to move to withdraw Movant's guilty plea.

Movant has not presented evidence that, absent his counsel's alleged errors, he would have chosen to reject the plea agreement and proceed to trial on charges including first-degree murder, felony murder, and conspiracy to commit first-degree murder. Movant accepted the plea agreement offered to him immediately after his co-defendant agreed to plead guilty and presumably testify against Movant. There is no evidence that asserting a diminished-capacity defense would have been successful or that, under any circumstances, Movant would have received a sentence of less than 25 years had he chosen not to accept the plea agreement and proceed to trial.

**III CONCLUSION**

The plea agreement signed by Movant waived his right to bring a section 2255 action if he was sentenced in accordance with the plea agreement. Because he received a sentence provided for in the plea agreement, the section 2255 action may

-14-

be summarily dismissed. Additionally, Movant has not presented any evidence that his entry of a guilty plea was unknowing or involuntary, or that his counsel's advice to accept the plea agreement constituted ineffective assistance of counsel.

**IT IS THEREFORE RECOMMENDED** that Mr. Henry's motion for relief from his convictions and sentences pursuant to section 2255 be **dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.

Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United

States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 10th day of June, 2011.

_____
Mark E. Aspey
United States Magistrate Judge