**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CV 10-2776-PHX-JAT |
| Plaintiff/Respondent, | CR 08-1377-PHX-JAT |
| vs. | **ORDER** |
| Mason James Henry, | |
| Defendant/Movant. | |

Pending before this Court is Movant's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. Doc. 1.[1] On June 14, 2011, Magistrate Judge Aspey issued a Report and Recommendation (R&R) recommending that the motion be denied. Doc. 15. Movant filed objections to the R&R. Doc. 20. In both the objections and by separate motion, Movant sought to have the undersigned recuse from this case. *Id.*; Doc. 18. The Court will address the recusal issue first.

**I.    Recusal**

Movant argues that the undersigned should recuse from this case. Doc. 18. Movant claims that because he asserts that he has mental competency issues, this Court cannot be impartial to him. Doc. 18 at 3 (Affidavit of Movant). Movant bases this claim on his theory that this Court cannot be impartial to any party who is raising competency as an issue.

---
[1] All document numbers are in the CV case.

Two statutes govern recusal of district judges: 28 U.S.C. §§ 144 and 455. Section 144 applies when a party to a proceeding believes that the district judge "has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. § 144. "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citations omitted). Specifically, the statute provides:

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. When a party files a timely and legally sufficient affidavit pursuant to section 144, the district judge "shall proceed no further therein, but another judge shall be assigned to hear such proceeding." *Id.*; *Sibla*, 624 F.2d at 867. However, "if the motion and affidavit required by section 144 [are] not presented to the judge, no relief under section 144 is available." *Sibla*, 624 F.2d at 868.

In this case, Movant has filed a motion and affidavit. However, neither the motion nor the affidavit allege a bias or prejudice against Movant or in favor of another party. Instead, the motion and affidavit claim that the undersigned cannot be fair and impartial in any case in which any party raises a mental competency issue.[2] Section 144 does not provide for recusal based on legal or factual claims or defenses. Instead, it provides for recusal when a judge is biased for one party or against another party. Neither situation is alleged or present here, and recusal is not warranted under Section 144.

Section 455 sets forth two recusal provisions. The first provision, subsection (a), provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The second provision, subsection (b), provides that any

---

[2] Presumably, Movant's arguments would apply not only to the undersigned, but to all Judges in Arizona.

justice, judge, or magistrate "shall also disqualify himself [or herself] in the following circumstances: (1) Where he [or she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1). "Section 455 modifies section 144 in requiring the judge to go beyond [a] section 144 affidavit and consider the merits of the [recusal] motion pursuant to section 455[]." *Silba*, 624 F.2d at 868.

"The test for personal bias or prejudice in section 144 is identical to that in section 455[], and the decisions interpreting this language in section 144 are controlling in the interpretation of section 455[]." *Id.* at 867. "The standard for recusal under 28 U.S.C. §§ 144 [and] 455 is whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)); *see Sibla*, 624 F.2d at 867 ("The same substantive standard will be applied to each section.").

Applying the Section 455 standards in this case, the undersigned does not find recusal to be required. The undersigned does not personally know any of the parties or victims in this case. The Court does not find recusal to be called for based on the competency issue Movant now seeks to raise because the Court has no actual or perceived bias against all people who raise competency issues. Therefore, the motion to recuse will be denied.

**II.     Review of Report and Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because Movant has filed objections to the R&R, the Court will review the motion de novo.

As the R&R recounts, Movant pled guilty in August 2009. R&R at 2. After requesting and receiving new counsel, Movant was sentenced in December 2009. R&R at

6-7. Movant's plea agreement contained a waiver of his ability to bring a motion under § 2255. R&R at 9. Movant does not dispute these facts, but argues that he should not be bound by the plea agreement because his counsel was ineffective for not realizing Movant was not competent to understand the charges and the sentence. Objections at 6.

As the R&R details, waivers of the right to collaterally attack a sentence in a plea are enforceable, *see Mabry v. Johnson*, 467 U.S. 504, 508-509 (1984) (*abrogated on other grounds by Puckett v. United States*, 129 S.Ct. 1423, 1430 n. 1 (2009)), unless the plea was not knowing and voluntary, *United States v. Jeronimo*, 398 F.3d 1149, 1157 (9th Cir. 2005).[3] R&R at 9. "[A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective]." *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (internal quotation marks and citations omitted).

Here, as stated above, Movant argues that his counsel was ineffective for failing to recognize that he had mental competency issues. As the R&R quotes, the Court went through a colloquy with Movant at the time he entered into his plea agreement. Movant's counsel at the time of the plea noted that counsel had to put extra effort into explaining the process to Movant, but that counsel was satisfied that Movant understood everything. R&R at 3-4. This Court must give substantial weight to counsel's determination regarding Movant's competence. *Medina v. California*, 505 U.S. 437, 450 (1992) ("defense counsel will have the best-informed view of the defendant's ability to participate in his defense"); *Drope v. Missouri*, 420 U.S. 162, 177 n. 13 (1975) ("a lawyer's representations concerning the competence of his client...is unquestionably a factor which should be considered [by the Court]"); *Odle v. Woodford*, 238 F.3d 1084, 1089 (9th Cir. 2001) ("The observations of those

---

[3] In unpublished decisions, the Ninth Circuit Court of Appeals has noted that *Jeronimo* has been overruled or abrogated on other grounds by *United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). *See United States v. Rojas-Vivar*, 2011 WL 109805, *1 (9th Cir. 2011) (overruled); *United States v. Gutierrez*, 2011 WL 1979594, n 1 (9th Cir. 2011) (abrogated).

1 interacting with petitioner surely are entitled to substantial weight."). Given Movant's counsel's thorough evaluation of this issue, the Court will give substantial weight to counsel's conclusion.

Movant argues that this Court should disregard counsel's opinion because counsel failed to investigate and determine that Movant went to a special school. Objections at 5. During the plea hearing, counsel said, "[Movant] did go at least through the eleventh grade and he was never in any special education classes." R&R at 3. Thereafter, the Court asked Movant if he had been satisfied with his counsel and Movant said yes. *Id.*

Movant now argues that he went to a special school. Objections at 5. Specifically, Movant states, "San Carlos Alternative School was specifically opened and existed especially for Henry's special education and behavior needs as those school records will reflect." *Id.* Movant has not attached any evidence that this statement is true, but claims he had no ability to obtain the school's records. Doc. 19 at 3. Movant claims that the presentence report writer's omission of the school records was, "a deliberate attempt to conceal this material fact." Objections at 4.

Notably, Movant was at his change of plea hearing and answered several questions. Movant stated that he understood both the plea agreement and all of the rights he was giving up. R&R at 4-5. Movant did not "correct" his counsel's statement that he was not in any special education classes. Further, Movant has presented no evidence that he was in special education classes. Finally, even if Movant's statements regarding his education are true, the fact that Movant went to a special school would not, standing alone, show that he was unable to knowingly enter a plea agreement. Thus, giving significant weight to both counsel's opinion and Movant's contemporary statements at the time of the plea, the Court finds that the plea was knowingly and voluntarily entered into by Movant. *See United States v. Mims* 928 F.2d 310, 312-13 (9th Cir. 1991) (holding in the habeas context that a movant's contemporary statements regarding his understanding of the plea agreement carry substantial weight in determining whether the plea was knowingly and voluntarily entered).

Accordingly, based on this record, the Court finds Movant knowingly and voluntarily

entered into the plea agreement. Thus, Movant's waiver of his ability to collaterally attack his sentence is valid and enforceable. As a result, the motion will be denied.

**III. Motion to Amend**

Movant has also filed a motion to amend or supplement his § 2255 motion. In the motion to amend or supplement, Movant seeks to add his educational records once he receives them, which Movant asserts will support his claim that he should not be bound by his plea agreement. As discussed above, even if at some point in the future Movant obtains his school records, and even if those records show Movant attended a special school, those records would not prove Movant could not knowingly and voluntarily enter into a plea agreement. Accordingly, the Court will not delay the resolution of the § 2255 motion indefinitely while Movant endeavors to obtain his school records. As a result, the motion to amend or supplement is denied as futile.

**IV. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the motion to recuse (Doc. 18) and the motion to amend or supplement (Doc. 19) are denied.

**IT IS FURTHER ORDERED** that Report and Recommendation (Doc. 15) is accepted and adopted, the objections (Doc. 20) are overruled, and the motion (Doc. 1) is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, in the event Movant files an appeal, the Court grants issuance of a certificate of appealability on Movant's claim that he did not knowingly and voluntarily enter his plea agreement because his counsel was ineffective.

DATED this 31st day of August, 2011.

James A. Teilborg
United States District Judge